

RECEIVED
OCT 2 2 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

RITA HENDERSON, ET AL.

versus

NEXION HEALTH AT MINDEN, INC.
d/b/a MEADOWVIEW HEALTH &
REHABILITATION CENTER

CIVIL ACTION NO. 13-2156
JUDGE TOM STAGG

## MEMORANDUM RULING

Rita Henderson, James Henderson and Chester Henderson (hereinafter collectively referred to as "the Hendersons" or "the plaintiffs") filed this action in state court against Nexion Health at Minden, Inc., d/b/a Meadowview Health and Rehabilitation Center ("Meadowview"). Meadowview removed the case to this court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). See Record Document 1. Because the court finds that Meadowview failed to establish that the amount in controversy exceeds $75,000, the case is **REMANDED** to state court.

### I. BACKGROUND

The Hendersons' state court petition alleges that Meadowview was guilty of fault or negligence in the care that their father, Webster Henderson, received at Meadowview. The Hendersons also contend that they are entitled to damages for

their father's pain and suffering, disability, mental anguish. See id. However, in accordance with Louisiana procedural law, the Hendersons' state court petition does not allege a specific amount of damages. See La. Code Civ. P. art. 893.

## II. LAW & ANALYSIS

### A. Amount In Controversy Requirement.

Federal courts have subject matter jurisdiction over state law claims where the parties are of diverse citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). If a defendant removes such a case based on an assertion of diversity jurisdiction, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1446 (c)(2)(B); De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). Plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages. See La. Code Civ. P. art. 893. Therefore, the Fifth Circuit established a framework for resolving disputes regarding the amount in controversy for actions that have been removed based on diversity jurisdiction from Louisiana courts. See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts–preferably in

the removal petition, but sometimes by affidavit–that support a finding of the requisite amount. See id.; Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 868 (5th Cir. 2002).

**B.     Analysis.**

As noted, the Hendersons' complaint does not allege a specific amount of damages. In its notice of removal, Meadowview asserts that the Hendersons' demands for damages for the alleged injuries sustained by Webster Henderson and the damages for Webster Henderson's pain and suffering, disability, mental anguish, loss of enjoyment of life, and medical expenses total more than $75,000 in the aggregate. See Record Document 1. However, the court finds that it is not facially apparent that the value of the Hendersons' claims exceed $75,000.00.

The Hendersons did not plead any facts that would support a significant award of damages. Rather, their petition lists boilerplate categories of damages sought such as "mental anguish" and "pain and suffering," terms which are likely found in most petitions filed in state court. Such unsupported listings do not assist the court in calculating the amount in controversy. A lawsuit does not become a federal case just because the plaintiff's attorney listed several damage categories in his petition.

The defendant has not shown by a preponderance of the evidence that the required amount in controversy is present. It is not facially apparent from the petition

for damages that the amount required under section 1332 is present. The petition does not describe the extent of the medical treatment received, nor does the notice of removal. Meadowview did not submit an affidavit, medical information or medical treatment records in support of its opposition to the motion to remand or allege any of these items in its notice of removal. In fact, in its notice of removal, Meadowview specifically states that "[t]he matter in dispute **reasonably appears** to seek damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. . . ." Record Document 1 at 2 (emphasis added).

Furthermore, and notably, in their state court petition, the plaintiffs did not request a jury trial. Under Louisiana law, a plaintiff is entitled to a jury trial only when the claims exceed $50,000 exclusive of costs and interest. See La. Code Civ. P. art. 1732. Although the plaintiffs did not include in their state court petition a statement that their claims were not sufficient to support federal court jurisdiction, this factor is offset by the fact that they did not seek a jury trial. The alleged injuries and damages are too vague to find by a preponderance of the evidence that more than $75,000 is in controversy, and the defendant has offered no other facts to support the finding that the amount in controversy has been satisfied.

Though it is theoretically possible the Hendersons could recover unspecified damages in excess of $75,000, mere possibility is not enough. The burden is on the

4

defendants to establish by a preponderance of the evidence that the total amount in controversy exceeds $75,000, and any doubt about the propriety of removal must be resolved in favor of remand. See Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). There is room for considerable doubt that the Hendersons would recover $75,000.00. Furthermore, Meadowview's assertion in its notice of removal that the matter "reasonably appears to seek damages in excess of seventy-five thousand dollars . . ." only serves to bolster this conclusion. Record Document 1. This doubt means the defendants have not satisfied their burden.

### III. CONCLUSION

Based on the foregoing analysis, this case is **REMANDED** to the Twenty-Sixth Judicial District Court for the Parish of Webster, State of Louisiana.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 21st day of October, 2013.

_____
JUDGE TOM STAGG